IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWERTECH TECHNOLOGY INC., | No. 10-00945 CW |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE COURT'S JUNE 1, 2010 ORDER (Docket No. 64) |
| v. | |
| TESSERA, INC., | |
| Defendant. | |

On June 1, 2010, the Court granted Defendant Tessera, Inc.'s, motion to dismiss, concluding that Plaintiff Powertech Technology Inc.'s (PTI) declaratory judgment action did not raise a justiciable controversy. Pursuant to Federal Rule of Civil Procedure 59(e), PTI now asks the Court to vacate its Order of June 1 and enter an order denying Tessera's motion to dismiss. Tessera opposes PTI's motion. The motion was taken under submission on the papers. Having considered the papers submitted by the parties, the Court DENIES PTI's motion.

BACKGROUND

Because PTI's allegations are described in sufficient detail in the Court's Order of June 1, they will not be repeated here. In sum, PTI sought declarations that its "wBGA packaging services have not and do not infringe" Tessera's United States Patent No.

5,663,106 ('106 patent) and that the patent is invalid. Compl. ¶¶ 16 and 17.

As noted above, Tessera moved to dismiss PTI's action for lack of subject matter jurisdiction. Tessera maintained that its disclaimer, made in a complaint filed with the International Trade Commission (ITC),[1] precluded a justiciable controversy. The disclaimer provided,

> To the extent that any Accused Product is found to be properly licensed (through the Limited Tape Licenses or otherwise) under Tessera's patents, Tessera does not intend to bring -- nor should Tessera be construed to have brought -- any such Accused Product(s) within the scope of the present Investigation.

Weatherwax Decl. in Support of Tessera's Mot. to Dismiss, Ex. 4 ¶ 9. In open court during the hearing on the motion to dismiss, Tessera's counsel made a similar disclaimer:

> We are not accusing any product made by PTI under the license agreement for infringement of the '106 patent or any other patent that we have licensed to PTI on any of the products that are licensed in the agreement.

Tr. of May 13, 2010 Hrg. at 5:22-25. Thus, Tessera argued, because PTI produced its products pursuant to such a license, they fell within the scope of the disclaimer, no controversy existed and subject matter jurisdiction did not lie.

Notwithstanding Tessera's disclaimer, PTI asserted that its products were at issue in Tessera's action before the ITC and the patent infringement lawsuit filed in the United States District

---

[1] The ITC investigation is captioned, <u>In re Certain Semiconductor Chips With Minimized Package Size and Products Containing Same</u>, Inv. No. 337-TA-630.

2

Court for the Eastern District of Texas,[2] both of which were brought against some of PTI's customers. Although PTI did not offer any direct evidence that its products were at issue, it pointed to Tessera's allegations against one of its customers, Elpida. PTI argued that, because it was the sole supplier of µBGA products to Elpida and µBGA products were at issue in the ITC proceeding, one could reasonably infer that Tessera had in fact accused some of PTI's products.

After considering all the circumstances, the Court concluded that PTI's declaratory judgment action did not pose a justiciable controversy. The Court agreed with Tessera that its disclaimer precluded a justiciable controversy. The Court also rejected PTI's assertion that, under the parties' licensing agreement, its obligation to pay royalties to Tessera turned on whether its products were covered by the '106 patent. Even if an actual controversy existed, the Court concluded, it would exercise its discretion to decline jurisdiction because judicial efficiency favored hearing PTI's declaratory judgment action along with Tessera's lawsuit.

## LEGAL STANDARD

Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 59(e) motions are interpreted as motions for reconsideration, and are appropriate if the district court "(1) is presented with newly discovered

---

[2] The district court action is <u>Tessera, Inc. v. A-DATA Tech. Co.</u>, No. 2:07-cv-534 (E.D. Tex.).

3

evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J, Multnomah County, Oregon v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994).

A motion for reconsideration shall not "repeat any oral or written argument made by the applying party in support of or in opposition to the . . . order which the party now seeks to have reconsidered." Civil L.R. 7-9(c).

## DISCUSSION

PTI asserts that documents Tessera filed in its appeal to the Federal Circuit of the ITC's disposition constitute newly discovered evidence that justifies vacating the Court's earlier order. In particular, PTI points to Tessera's redacted opening appellate brief, which contains citations to technical information on PTI technology and references to PTI royalty reports in a section on the failure by Elpida's suppliers to pay royalties. PTI also cites "a list of exhibits" Tessera "sought to designate as part of the Joint Appendix on Appeal," which reflected "87 exhibits or documents containing either 'PTI' or 'Powertech' in the title." Mot. at 5-6. These documents, according to PTI, "conclusively show that both PTI's µBGA and wBGA products were at issue in the ITC investigation." Id.

Although PTI arguably presents new material,[3] it still does

---

[3] PTI's lead counsel represented Elpida in the ITC proceeding and is apparently continuing to do so on appeal. Thus, he should have known at the time PTI opposed Tessera's motion that documents containing the terms "PTI" and "Powertech" were lodged in that

4

not satisfy its burden to demonstrate an actual controversy. That Tessera's infringement expert cited technical information about PTI's products does not establish that those products were accused in the ITC proceeding. Tessera maintains that the information was cited "for broad, generic points about the technology at issue." Opp'n at 9. There is no reason to believe that Tessera is misrepresenting the nature of its brief.

PTI also points to Tessera's short discussion in its opening appellate brief about Elpida's failure to prove that its suppliers provided licensed products. This discussion does not render the action here justiciable. Tessera represented to this Court that PTI, an Elpida supplier, failed to pay "royalties on 40 percent of the products during" the period relevant to the ITC proceeding. Tr. of May 13, 2010 Hrg. at 21:24-25. But this assertion does not establish that any of the products accused in the ITC proceeding originated from PTI. PTI failed to pay royalties on <u>some</u> of its products; it does not follow that the products at issue before the ITC were a part of this set.[4]

Finally, PTI claims that the Court committed clear error. However, its argument largely restates what it argued in opposition to Tessera's motion to dismiss.

---

tribunal's record and could be designated for the record on appeal.

[4] As PTI's argument suggests, Elpida has a shared interest in this declaratory judgment action going forward. Thus, if Elpida is in fact facing litigation because of PTI's products, it is reasonable to expect that PTI, who shares counsel with Elpida, would offer more concrete evidence to establish declaratory judgment jurisdiction, instead of merely referring to redacted briefs from which inferences are to be made.

5

CONCLUSION

For the foregoing reasons, the Court DENIES PTI's motion to alter or amend the Order of June 1.  (Docket No. 64.)

IT IS SO ORDERED.

Dated: August 3, 2010

CLAUDIA WILKEN
United States District Judge