IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

POWERTECH TECHNOLOGY, INC.,

      Plaintiff,

   v.

TESSERA, INC.,

      Defendant.

_____/

No. C 10-945 CW

ORDER GRANTING IN
PART, AND DENYING
IN PART, MOTION TO
STRIKE AFFIRMATIVE
DEFENSES
(Docket No. 112)

    Plaintiff Powertech Technology, Inc. (PTI) moves to strike all of the affirmative defenses asserted by Defendant Tessera, Inc. in this action.  Tessera opposes the motion.  The Court took Plaintiff's motion under submission on the papers.  Having considered the papers filed by the parties, the Court GRANTS PTI's motion in part and DENIES it in part.

BACKGROUND

    PTI filed this action on March 5, 2010, seeking declarations of non-infringement and invalidity of Tessera's United States Patent No. 5,663,106 patent (the '106 patent).  PTI maintains that it faces an imminent threat of injury because, in the International Trade Commission (ITC) and in another district court action then pending in Texas, Tessera had accused of infringement companies who had directly or indirectly purchased products from PTI.

    On April 1, 2010, Tessera moved to dismiss the case for lack of subject matter jurisdiction, stating that, to its knowledge, "PTI is a licensee in good standing and it and its customers therefore enjoy protection against any suit accusing its licensed

products of infringement of the '106 patent or any other licensed patent." Docket No. 14 at 6. Tessera also asserted that its license with PTI "protects PTI and its customers." Id. at 3. Tessera further argued that, because the License Agreement required PTI to pay royalties on licensed products whether or not they were covered by a licensed patent, a justiciable controversy could not exist.

In June 2010, this Court dismissed the action for lack of subject matter jurisdiction, finding that there was no Article III case or controversy between the parties, because Tessera had explicitly excluded licensed products from its enforcement actions and because PTI failed to allege an actual controversy regarding the licensing agreement. Powertech Technology, Inc. v. Tessera, Inc., 2010 U.S. Dist. Lexis 53621, at *7-9 (N.D. Cal.).

Several months later, on September 30, 2011, the Federal Circuit reversed this Court's dismissal, finding that a controversy did exist between the parties. Powertech Technology, Inc. v. Tessera, Inc., 660 F.3d 1301, 1307-10 (Fed. Cir. 2011). The court specifically noted that

> we have no doubt that PTI's customers and products were specifically targeted in [the ITC and Texas actions]. For example, witnesses for Elpida testified that the accused products . . . were licensed from several licensees, including PTI. Indeed, Tessera's infringement expert . . . focused part of his analysis on an Elpida wBGA chip that was clearly packaged by PTI and identified with a PTI model number.

Powertech, 660 F.3d at 1308 n.4. The court also stated,

> In essence, Tessera's argument is that PTI must breach its license before it can challenge the validity of the underlying patent. This contention, however, is contrary to the Supreme Court's decision in MedImmune [Inc. v. Genentech, Inc., 549 U.S. 118 (2007)], in which the Court held that a licensee did not need to repudiate

United States District Court
For the Northern District of California

2

> a license agreement by refusing to pay royalties in
> order to have standing to declare a patent invalid,
> unenforceable, or not infringed. . . . Like the
> petitioner in MedImmune, PTI is seeking to define its
> rights and obligations under its contract with Tessera.
> It need not repudiate its license agreement to do so.
> There is also no provision in the license agreement in
> which PTI has agreed not to argue non-infringement or
> invalidity.

Id. at 1308 (internal citations omitted).  On this basis, the

court held that "the dispute between PTI and Tessera--as to

whether the license agreement requires royalty payments to be tied

to valid patent coverage--is sufficient to support declaratory

judgment jurisdiction," but declined to opine on the merits of the

dispute.  Id. at 1310.  The mandate issued on January 19, 2012.

Docket No. 101.

On February 17, 2012, Tessera filed its answer to PTI's

complaint and included seven affirmative defenses.  The first five

affirmative defenses allege that "PTI's claims for relief against

Tessera are barred, in whole or in part, by": (1) "the doctrine of

waiver"; (2) "the doctrine of estoppel"; (3) "the doctrine of

laches"; (4) "the doctrine of forfeiture"; and (5) "the equitable

doctrine of unclean hands."  Answer ¶¶ 31-35.  The sixth

affirmative defense alleges, "No justiciable controversy exists

with respect to PTI's claims for relief against Tessera."  Id. at

¶ 36.  The seventh affirmative defense alleges, "PTI cannot assert

its claims for relief against Tessera in light of the terms of the

Agreement between the parties."  Id. at ¶ 36.

PTI filed the instant motion to strike on March 12, 2012,

twenty-four days after Tessera filed its answer.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

DISCUSSION

I.    Timeliness of PTI's motion to strike

Tessera argues that PTI's motion to strike is untimely, because the motion was filed twenty-four days after Tessera served its answer through electronic filing.

Federal Rule of Civil Procedure 12(f) states that a party may make a motion to strike a pleading for which a response is not allowed "within 21 days after being served with the pleading." Federal Rule of Civil Procedure 6(d) provides, "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."

Here, Tessera served its answer and affirmative defenses by electronic means pursuant to Rule 5(b)(2)(E).  The Court notes that, while Rule 6(d) was created to allow additional time for the mailing of documents and is anachronistic in the context of e-filing, it technically still applies here.  Accordingly, PTI was allowed three additional days beyond the twenty-one days provided for in Rule 12(f) to make its motion to strike.  See Kohler v. Islands Restaurants, LP, 2012 WL 524086, at *3 (S.D. Cal.) (allowing twenty-four days for a motion to strike affirmative defenses where the answer was served electronically).  Thus, PTI's motion was timely.

II.   Tessera's justiciability defense

PTI argues that Tessera's sixth affirmative defense, alleging that there is no justiciable controversy, should be struck as contrary to the law of the case.

United States District Court
For the Northern District of California

1   Tessera responds that, although the Federal Circuit found
2   there was a justiciable controversy at the outset of this case,
3   one must exist throughout the stages of this proceeding and thus
4   Tessera may be able to challenge the continued justiciability in
5   the future based on changed circumstances, without contradicting
6   the law of the case.

7   PTI replies that Tessera is continuing to maintain claims
8   against PTI's products in its petition for certiorari to review
9   the ITC decision and in the Texas action, so "no relevant facts
10  have changed." Reply at 6. PTI contends, "Absent changed
11  circumstances which do not exist here, there is simply no proper
12  basis upon which Tessera can maintain this alleged defense at this
13  time in light of the Federal Circuit's ruling." Id. PTI does not
14  deny that changed circumstances may in the future impact the
15  justiciability of this case.

16  Because Tessera concedes that it cannot presently, under the
17  law of the case, proffer sufficient facts to support this defense,
18  and can only speculate about future events, the Court GRANTS PTI's
19  motion to strike this affirmative defense.  This ruling is without
20  prejudice to Tessera moving to amend its answer to assert this
21  defense in the future, should facts later develop that could
22  support it.  See Dion v. Fulton Friedman & Gullace LLP, 2012 WL
23  160221, at *3 (N.D. Cal.) (noting that the Ninth Circuit "has
24  liberalized the requirement that affirmative defenses be raised in
25  a defendant's initial pleading and allows affirmative defenses to
26  be asserted in a later motion absent prejudice to the non-moving
27  party" and that "Rule 15 permits Defendants to amend their Answer
28  at any time with the Court's leave").

United States District Court
For the Northern District of California

III. Tessera's license defense

PTI argues that Tessera's seventh defense, in which Tessera contends that "PTI cannot assert its claims for relief against Tessera in light of the terms of the Agreement between the parties," lacks factual support and is contrary to the law of the case.

In the context of its motion to strike the pleadings, the Court declines to consider PTI's argument that the record lacks factual support for this defense.  This is an evidentiary argument, which is more appropriate for adjudication at the summary judgment stage.

The Court DENIES PTI's motion to strike this defense as contrary to the law of the case.  While the Federal Circuit noted the absence of a "provision in the license agreement in which PTI has agreed not to argue non-infringement or invalidity," it also declined to express any view on the merits of the dispute as to whether the license agreement means either that PTI does not have to pay royalties if the chips do not infringe or the patents are invalid, or that royalty payments are due regardless of these factors.  Powertech, 660 F.3d at 1308-10.  Thus, it would not contradict the Federal Circuit's decision to find ultimately that the license agreement provides Tessera with a defense.

IV.  Tessera's first through fifth affirmative defenses

PTI argues that Tessera has not adequately plead the factual basis for its remaining affirmative defenses under the standards set forth in the Supreme Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

United States District Court
For the Northern District of California

Rule 8 requires that, when "responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it." Federal Rule of Civil Procedure 8(b). Rule 12(f) provides that, on its own or on a motion from a party, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Federal Rule of Civil Procedure 12(f). "The purposes of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues." Barnes v. AT&T Pension Benefit Plan--Nonbargained Program, 718 F. Supp. 2d 1167 (N.D. Cal. 2010) (citing Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)). If a defense is struck, "[i]n the absence of prejudice to the opposing party, leave to amend should be freely given." Wyshak v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979).

"The Ninth Circuit has long held that '[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.'" Perez v. Gordon & Wong Law Group, P.C., 2012 WL 1029425, at *6 (N.D. Cal.) (quoting Wyshak, 607 F.2d at 827). Since the Supreme Court's decisions in Twombly and Iqbal, requiring that plaintiffs meet a plausibility standard in their pleadings, courts have been considering whether these decisions also "redefine[] what constitutes 'fair notice' of an affirmative defense pled in an answer." Id.

As both parties acknowledge, neither the Ninth Circuit nor the Supreme Court has directly addressed this question. While district courts have split on the issue, most have found that the heightened pleading standard does apply to affirmative defenses.

See, e.g., Perez, 2012 WL 1029425, at *8 (collecting cases);

Barnes, 718 F. Supp. 2d at 1171 (collecting cases); Hayne v. Green

Ford Sales, Inc., 263 F.R.D. 647, 649-50 (D. Kan. 2009)

(collecting cases).  Within the Northern District of California,

it appears that the judges who have decided the issue thus far

have uniformly found that the Twombly and Iqbal standard does

apply to affirmative defenses.  See Perez, 2012 WL 1029425, at

*6-8 (Koh, J.); Barnes & Noble, Inc. v. LSI Corp., 2012 WL 359713,

at *2 (N.D. Cal.) (Chen, J.); Bottoni v. Sallie Mae, Inc., 2011 WL

3678878, at *2 (N.D. Cal.) (Beeler, M.J.); Dion, 2012 WL 160221,

at *2 (Conti, J.); J & J Sports Productions, Inc. v.

Mendoza-Govan, 2011 WL 1544886, at *1 (N.D. Cal.) (Alsup, J.);

Barnes, 718 F. Supp. 2d at 1171-72 (Patel, J.).[1]

　　　As other judges in the Northern District of California have

already explained, Twombly and Iqbal changed the legal foundation

underlying the Ninth Circuit's Wyshak decision, and the reasoning

in those decisions also applies in the context of affirmative

defenses.  "At the time Wyshak was decided, the fair notice

pleading standard was governed by Conley v. Gibson, 355 U.S. 41

(1957), which held that 'a complaint [could] not be dismissed for

failure to state a claim unless it appear[ed] beyond doubt that

the plaintiff [could] prove no set of facts in support of his

claim which would entitle him to relief.'"  Perez, 2012 WL

---

[1] The Court notes that a Ninth Circuit panel cited Wyshak's
fair notice standard in 2010, after Iqbal was decided.  See
Simmons v. Navajo Cty., 609 F.3d 1011, 1023 (9th Cir. 2010).
However, as other district courts have stated, the panel in that
case "did not have the issue of Rule 8 pleading standards squarely
before it, and its citation appeared in a discussion focused on
when, not how, to plead an affirmative defense."  Perez, 2012 WL
1029425, at *8 n.4 (citing Simmons, 609 F.3d at 1022-23).

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1029425, at *6.  "In <u>Wyshak</u>, the Ninth Circuit applied the <u>Conley</u>
pleading standard for complaints to the pleading of affirmative
defenses."  <u>Id.</u>  "However, the Supreme Court's <u>Twombly</u> and <u>Iqbal</u>
decisions in 2007 and 2009, respectively, departed from <u>Conley</u> and
redefined the pleading requirements under Rule 8."  <u>Id.</u>  "Courts
have observed that 'Rule 8's requirements with respect to pleading
defenses in an answer parallel the Rule's requirements for
pleading claims in a complaint,'"  <u>id.</u> (quoting <u>Barnes</u>, 718 F.
Supp. 2d at 1172), and "this parallelism appears to be the very
reason the Ninth Circuit applied <u>Conley</u> to the pleading of
affirmative defenses in <u>Wyshak</u>,"  <u>id.</u> (citing <u>Wyshak</u>, 607 F.2d at
827).  Especially in light of the fact that the defendant bears
the burden of proof on an affirmative defense, as the plaintiff
does on a claim for relief, "'<u>Twombly</u>'s rationale of giving fair
notice to the opposing party would seem to apply as well to
affirmative defenses given the purpose of Rule 8(b)'s requirements
for defenses.'"  <u>Barnes & Noble, Inc.</u>, 2012 WL 359713, at *2.

    Thus, this Court agrees with the other judges in this
district that the heightened pleading standard set forth in
<u>Twombly</u> and <u>Iqbal</u> also applies to affirmative defenses.  Because
Defendant's affirmative defenses include only conclusory
allegations, without providing any information about the grounds
upon which the defenses rest, it has insufficiently plead these
defenses as required to provide fair notice under either standard.
<u>See</u> <u>Yates v. Perko's Cafe</u>, 2011 WL 2580640, at *3 (N.D. Cal.) ("An
insufficiently pled defense fails to comply with Rule 8 pleading
requirements by not providing 'plaintiff fair notice of the nature
of the defense' and the grounds upon which it rests.") (citing

*Wyshak*, 607 F.2d at 827).  Thus, the Court GRANTS PTI's motion to dismiss Tessera's first five affirmative defenses.  Tessera is granted leave to amend to plead these defenses with greater specificity.

PTI also argues that the fifth affirmative defense, which is based on unclean hands, should be dismissed as failing to meet the requirements of Rule 9(b), to the extent that it is predicated on conduct that involves fraud or mistake.  Tessera responds that it does not predicate this defense on fraud or mistake and thus Rule 9(b) is not relevant.  In amending its fifth affirmative defense to satisfy the requirements of Rule 8, if Tessera bases this defense on conduct involving fraud or mistake, it must also satisfy Rule 9(b).

CONCLUSION

For the reasons set forth above, the Court GRANTS in part, and DENIES in part, PTI's motion to strike Tessera's affirmative defenses (Docket No. 112).  Tessera is granted leave to file an amended answer to plead properly its first five affirmative defenses, which are stricken, within two weeks of the date of this Order, if it can truthfully do so.  Tessera's sixth affirmative defense is stricken without prejudice.  PTI's motion to strike is denied as to the seventh affirmative defense.

IT IS SO ORDERED.

Dated: 5/16/2012

CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California

10